IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| Sharon D. Hill | : | Case No. 01-22574-JAD |
| *Debtor(s)* | : | Chapter 13 |
| | | |
| Sharon D. Hill | : | |
| *Movant,* | : | |
| | : | Related to Document No. 59, 73 |
| v. | : | |
| | : | |
| Countrywide Home Loans | : | |
| *Respondent.* | : | Hearing: March 24, 2008 at 10:00 A.M. |

## ORDER SETTING EVIDENTIARY HEARING

AND NOW, this *21st* day of *December, 2007*, after a Status Conference on the Movant's *Motion to Enforce Discharge* ("Motion") and Respondent's *Response to Motion to Enforce Discharge* filed in response thereto, and with the appearance of record by the United States Trustee and Chapter 13 Trustee as parties in interest, the Court finds for the reasons stated below and on the record at the time of the Status Conference, that discovery and an evidentiary hearing are necessary before any decision can be made on the pending Motion.

It was represented to the Court at the Status Conference that in the period immediately following the Debtor's discharge granted pursuant to this Court's Order of March 16, 2007, Document No. 49, ("Discharge Order"), and allegedly in violation of the Discharge Injunction of *11 U.S.C. §524(a)(2)* and imposed as a result of the Discharge Order, Respondent informed the Debtor that there was an overdue balance on her mortgage. Subsequent discussions occurred between Counsel for the respective Parties in an effort to resolve matters. As part of that process, Respondent's Counsel provided Debtor's Counsel with three documents that appear on their face

1

to be copies of letters dating from 2003, 2004 and 2007, from Respondent to the Debtor, with copies shown going to the Debtor's Counsel and the Chapter 13 Trustee, informing the Debtor of an increase in her escrow obligation under her mortgage. There is no dispute that in fact, however, these documents were not copies of actual letters, but were generated by Respondent as "recreated letters" which it said were designed to provide the Debtor and her Counsel with information regarding the escrow. Among other things, there is an apparent dispute between the Parties as to when Debtor's Counsel was informed that these documents were not copies of actual letters contemporaneously sent as indicated on their face. Respondents' Counsel indicated that Debtor's Counsel had been informed of the situation from the outset of Respondent's dealing with the Debtor's Counsel. Debtor's Counsel indicated that Counsel only became aware of the situation after suspicions were raised when it was noticed that the address for Debtor Counsel's office shown on the 2003 document was one Counsel had not moved to until some time *after* the date shown on the "recreated" document. Thus significant factual issues exist surrounding this Motion relevant to the Court's ultimate disposition of the same including the ultimate imposition and extent of a remedy, if any. Furthermore, there is no prospect of an immediate settlement.

It is hereby **ORDERED** an evidentiary hearing on the above matter is scheduled for *March 24, 2008 at 10:00 A.M.* in Courtroom D, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219. ***Discovery shall close on February 22, 2008.***

It is **FURTHER ORDERED** that the Chapter 13 Trustee and the United States Trustee, both of whom appeared at the status conference and expressed an interest in this matter shall also be permitted to engage in discovery pursuant to this Order.

2

It is **FURTHER ORDERED** that *on or before December 28, 2007*, the Debtor shall file copies of the 3 "recreated letters" referenced at the time of the Status Conference.

It is **FURTHER ORDERED** that *on or before March 7, 2008*:

(1) Each of the Parties shall e-file their respective expert reports, if any, and hand deliver a courtesy, original copy of the same to the Court for use by the Court at the time of hearing;

(2) The Parties shall cooperate in the exchange of all documents incidental and related to the matter at issue and file an Exhibit List identifying all exhibits to be offered at the time of the evidentiary hearing and simultaneously providing the Court a courtesy copy of the exhibits and Exhibit List. Unless an objection is noted on the Exhibit List, exhibits will be admitted without further testimony. Any objections noted on the list as to the admissibility of a specific exhibit will be resolved prior to use of the exhibit. All exhibits upon which there is an agreement as to admissibility shall be pre-marked as "Court Exhibits" in numerical fashion ("CR-1", "CR-2", etc.) with subcategories of exhibits pre-marked alphabetically ("CR-1(a)", "CR-1(b)", etc.) The Debtor's exhibits shall be pre-marked *numerically* with subcategories of exhibits pre-marked *alphabetically* ("1(a)", "1(b)", etc.) *Any exhibits intended to be offered by the United States Trustee and/or the Chapter 13 Trustee shall be presented and marked as if the Debtor was proposing the same but containing an additional notation that the exhibit is independently offered by the United States Trustee and/or the Chapter 13 Trustee.* The Respondent's exhibits shall be pre-marked *alphabetically* with subcategories of exhibits pre-marked *numerically* ("A(1)", "A(2)", etc.) *No other documents will be admitted at the time of the evidentiary hearing unless counsel shows cause for their prior non-disclosure pursuant to this Order. Mere inability to timely locate documents shall not constitute cause.*

(3) Exhibits cumulatively numbering in excess of 20, single-sided, total pages (not including an "Exhibit List" cover page index) shall be bound in some manner, i.e., in looseleaf notebook or hard binding (with binding on the left, not the top), at the time of presentation to the Court and for use during any proceeding. Each exhibit page shall be collectively numbered in the lower right hand corner of each page of the collective exhibit document, from the first page to the last page, independent of exhibit identification numbers previously placed on exhibits at the bottom, center of the first page of the exhibit, to the extent possible.

  (4) To the extent the Parties agree to present their case upon stipulated facts and without live testimony, all or in part, the Parties shall file their Stipulation setting forth all of the agreed upon facts to be relied upon by the Court in rendering its decision.

It is **FURTHER ORDERED** that *failure by any Party to comply with any terms of this Order* will result in the imposition of sanctions on said Party by, *inter alia*, reprimand, fine, prohibition against said Party for offering testimony and/or dismissal.

*[signature]*
Thomas P. Agresti
United States Bankruptcy Judge

Case Administrator to mail to:
 Ronda J. Winnecour, Ch. 13 Trustee
 Norma Hildenbrand, Esq., Office of U.S. Trustee
 Debtor
 Counsel for Debtor/Movant
 Counsel for Respondent

David W. Ross, Esq.
Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center, 8th Floor
Pittsburgh, PA 15222

FILED
DEC 21 2007
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

4