# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| SHARON D. HILL | : | Case No. 01-22574 |
| *Debtor,* | : | Chapter 13 |
| _____ | : | |
| UNITED STATES TRUSTEE | : | |
| *Movant,* | : | Related to Document No. 562 |
| v. | : | |
| | : | |
| COUNTRYWIDE HOME LOANS, INC., | : | |
| LESLIE PUIDA, and GOLDBECK | : | |
| McCAFFERTY & McKEEVER | : | |
| *Respondent* | : | |

**UNITED STATES TRUSTEE'S PRELIMINARY RECOMMENDATION REGARDING SANCTIONS FOR LESLIE PUIDA AND GOLDBECK, McCAFFERTY & McKEEVER**

Roberta A. DeAngelis, United States Trustee for Region 3 hereby files this preliminary recommendation regarding sanctions for Leslie Puida ("Puida") and Goldbeck, McCafferty & McKeever ("GMM"), and states as follows:

1.  The United States Trustee brought a Motion for Rule to Show Cause (subsequently Amended and referred herein as "the Amended Motion") in part against Leslie Puida and GMM to show cause why this Court should not impose sanctions or other monetary and non-monetary relief under this Court's inherent power or under 11 U.S.C. § 105(a) for the following items:

    (5) GMM and Puida knowingly and willfully, or with reckless disregard and/or indifference to the applicable facts, violated the discharge injunction granted to the debtor by making numerous and sustained attempts to collect on debt they knew to be discharged or should have known was discharged;

    (6) GMM and Puida knowingly and willfully, or with reckless disregard and/or indifference to the applicable facts, failed to disclose to the debtor's attorney that Payment Change Letters had never actually been sent, all in an improper attempt to collect on questionable debt while attempting to resolve a matter that was pending before this Court; and

    (7) GMM and Puida intentionally or with reckless disregard and/or indifference

1

to the applicable facts, made inaccurate oral statements in response to the Court's inquiry regarding when Leslie Puida told the debtor's attorney that the Three Payment Change Letters were not what they purported to be, but instead were memoranda created years after the event.

2. On October 5, 2010, after a trial, argument, and full briefing, the Court issued a memorandum opinion and order finding sufficient cause exists with respect to Items 6 and 7 to impose sanctions, pursuant to the Court's inherent power, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 7037, incorporating Fed. R. Civ. P. 37(c)(1)(C). Therefore, the Court set a November 22, 2010 hearing for the purpose of considering and determining appropriate sanctions against GMM and Puida.

3. On November 12, 2010, during a telephonic status conference with the Court and parties, the Court allowed the United States Trustee to file this written recommendation regarding sanctions in advance of the November 22, 2010 hearing.

4. In arriving at the United States Trustee's sanction recommendations, the American Bar Association's Standards for Imposing Lawyer Sanctions, was used as a guidepost. These standards provide a reasonable framework to apply to the respondents' sanctionable conduct, thus illuminating the analysis behind our recommendations. "In assessing the appropriateness of a particular disciplinary sanction, this court may consider, although it is not bound by, the ABA's Standards for Imposing Lawyer Sanctions. *Franco v. Dow Chemical Co. (In re Girardi)*, 611 F.3d 1027, 1034 (9th Cir. 2010).

5. Standard 3.0 gives the factors that generally should be considered in imposing sanctions as follows:

> In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:
> (a)    the duty violated;

     (b)    the lawyer's mental state;
     (c)    the potential or actual injury caused by the lawyer's misconduct; and
     (d)    the existence of aggravating or mitigating factors.

**The Duty Violated by GMM and Puida**

6.    Using the ABA standards, GMM and Puida violated their duty owed to the legal system, and, in particular, Standard 6.1 False Statements, Fraud, and Misrepresentation. Standard 6.1 states in pertinent part as follows:

> Absent aggravating or mitigating circumstances, upon application of factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving conduct that is prejudicial to the administration of justice or that involves dishonesty, fraud, deceit or misrepresentation to a court:

Standard 6.1 sets out four different sanctions for this type of conduct based on three other factors set out in Standard 3.0. Before analyzing those other factors, it is worthy to note that Standard 6.1 is the appropriate duty violated based on an even cursory look at the Court's findings that GMM and Puida intentionally or with reckless disregard failed to disclose to the debtor's attorney, Mr. Steidl, that the Payment Change Letters had never been sent, and intentionally lied to the Court about their failure to disclose. This behavior is the type prohibited by Standard 6.1.

**GMM's and Puida's Mental State**

7.    The severity of the sanction is increased under ABA Standard 6.1 based on the lawyer's mental state. This state ranges from "intent" to cause a certain result to "knowledge" to "negligence." "Intent" is defined as ". . . the conscious objective or purpose to accomplish a particular result." "Knowledge" is defined as ". . . the conscious awareness of the nature or attendant circumstances of the conduct but without conscious objective or purpose to accomplish a particular result." ABA Standards, Section III, Definitions.

8.    By definition, the Court found that GMM's and Puida's conduct was more than

negligent. The Court stated that mere negligent conduct was not sanctionable. Court's 10/5/10 Memo. at 29. The Court specifically found that GMM and Puida were not negligent but acted intentionally or with reckless disregard or indifference. *Id.* at 62, 66.

9. The next question is whether GMM and Puida acted with intent to cause a specific result. The Court did not make such a finding in its Memorandum Opinion but did not have to for purposes of finding sanctionable conduct. The Court did opine on possible motives for failing to disclose the true nature of the Payment Change Letters, but did not settle on any one. *Id.* at 61-62. With regard to the inaccurate oral statements to the Court, the Court did not opine on the motive, but the intent to cause a specific result – cover up Puida's past conduct is obvious. In any event, there is no question that under the ABA's definitions, GMM's and Puida's mental state could be described at the very least as "knowledge" and very likely as "intent."

**The Potential or Actual Injury Caused by GMM's and Puida's Misconduct**

10. "Injury" is defined in the ABA Standards as "harm to a client, the public, the legal system, or the profession from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "the harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct." ABA Standards, Section III, Definitions.

11. There is little question that GMM's and Puida's sanctionable conduct caused injury and potential injury to many entities including the debtor, the debtor's attorney, the legal system, and the profession. The debtor was injured because GMM's and Puida's sanctionable conduct

included failing to disclose the true nature of letters that were used as leverage to force the debtor to pay money she did not actually owe. The potential injury was several thousand dollars to Sharon Hill. *Id.* at 21-22. The debtor's attorney was potentially injured because he felt he was responsible for not keeping the payment change letters and as a result he thought he would end up paying the arrearage. *Id.* at 60. The legal system and profession are diminished anytime an officer of the Court is dishonest to the Court. Whether the injury is considered "serious" or just an "injury" is not critical as the United States Trustee is not seeking disbarment. It certainly should not be described as a little or no injury.

**The Existence of Aggravating or Mitigating Factors**.

12. The United States Trustee's Recommendation for Sanctions is only preliminary because GMM and Puida have not yet presented their evidence in mitigation. There are, however, several factors in aggravation in this case that are presently known.

13. Standard 9.2 sets out various potentially aggravating factors that may justify an increase in the degree of discipline to be imposed, some of which are present in this case:

    A.    9.22(a) prior disciplinary offenses: Sanctions against GMM and Puida on July 28, 2006, in *In re Ennis*, 05-11985. *See* (UST. Ex. FE and FF);

    B.    9.22(b) dishonest or selfish motives: possible selfish motive clearly exists. *See* discussion at *Id*. 60-62.failed to disclose to protect settlement;

    C.    9.22(d) multiple offenses: two separate sanctionable offenses, items 6 and 7;

    D.    9.22(f) submission of false evidence, false statements, or other deceptive practices during disciplinary hearing: Puida's testimony during the hearing was found to be false regarding telling Mr. Steidl about the letters; in addition, other aspects of Puida and McKeever's

testimony were found to be questionable or not entirely consistent.  See *Id* at 33-34, 49-50, 51, 53-57, 64-66;

      E.      9.22(g) refusal to acknowledge wrongful nature of conduct: to date no such acknowledgment has been forthcoming from GMM and/or Puida;

      F.      9.22(h) vulnerability of victim: Sharon Hill could be considered a vulnerable victim, an older debtor in fear of losing her home; and

      G.      9.22(I) substantial experience in practice of law: Both GMM and Puida have represented creditors in bankruptcy for many years.  *See e.g. Id.* at 11, n.5.

**Generally Appropriate Sanction According to Standard 6.1**

14.      According to ABA Standard 6.12, absent mitigating and aggravating circumstances, and given that the duty violated is to the legal system, the mental state is knowledge, and there was an injury, the following sanction is recommended:

> Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes and adverse or potentially adverse effect on the legal proceeding.

This fits GMM's and Puida's conduct, they knowingly withheld material information from the debtor and the debtor's attorney – the Payment Change Letters, and this injured a party to the legal proceedings.  In addition, GMM and Puida knowingly provided false information to the Court and this resulted in an adverse effect on a legal proceeding by causing part of an entire separate litigation to occur – the Rule to Show Cause.

**United States Trustee's Preliminary Recommendation**

15. While the United States Trustee believes that suspensions are warranted here – provided that proper procedures are followed – this Court maintains additional tools, consistent with its inherent power and under 11 U.S.C. § 105(a), that could be used to uphold the integrity of this Court related to GMM's and Puida's misconduct. For example, this Court could, *inter alia*: (a) publicly reprimand and/or censure GMM and Puida; (b) require GMM and Puida to undergo additional training in ethics and professional responsibility; (c) require GMM and Puida to self-report their activities in this Court to the Pennsylvania State Bar; (d) require GMM and Puida to provide *pro bono* representation in this Court for a specific number of indigent consumers during a specified period of time; (e) require GMM and Puida to provide *pro bono* mediation services in this Court during a specified period of time; or (f) impose monetary sanctions against GMM and Puida (discussed more fully below) as a means of deterring future misconduct in this Court.

16. Regarding suspensions, the ABA's recommendation presumes that the attorney or attorneys are completely suspended from the practice of law anywhere. However, Local Bankruptcy Rule 9010-1-D makes clear that "[t]he local rules of the United States District Court for the Western District of Pennsylvania . . . shall apply as to the discipline of attorneys." Bankr. W.D. Pa. L.R. 9010-1; see also W.D. Pa. LCvR 83.3. Accordingly, the United States Trustee recommends that this Court, pursuant to 28 U.S.C. § 157(c)(1) and Local Bankruptcy Rule 9010-1-D, issue a Report and Recommendation to the United States District Court for the Western District of Pennsylvania recommending that Puida be suspended from practicing in that Court, and as a consequence thereof, this Court, for a specified period of time.

17. While standard 6.12 does not specifically provide a time period for the suspension,

Standard 2.3 states that suspensions should generally be at least six months and no more than 3 years. It further states that a lawyer "should not be permitted to return to practice until he has completed a reinstatement process demonstrating rehabilitation and fitness to practice law." On this point, the United States Trustee recommends a suspension of no less than one year for Puida and that she may separately seek reinstatement after one year pursuant to the provisions set forth in W.D. Pa. LCvR 83.3-G.

18. The United States Trustee further recommends a monetary sanction against GMM based not only on the egregious nature of GMM's and Puida's conduct, but, in particular, the failure of GMM and Puida to correct Puida's December 20, 2007 misrepresentations to the Court, thus causing unnecessary litigation and costs over the matter. The United States Trustee recommends that the Court's administrative costs for this Rule to Show Cause litigation may be an appropriate measure for the monetary sanction against GMM[1].

WHEREFORE, the United States Trustee respectfully and preliminarily recommends that this Court, pursuant to 28 U.S.C. § 157(c)(1) and Local Bankruptcy Rule 9010-1 D, issue a Report and Recommendation to the United States District Court for the Western District of Pennsylvania recommending that Puida be suspended from practicing law in that Court, and as a consequence, this Court, for a period of no less than one year, beginning January 1, 2011, and that after January 1, 2012 Puida may apply for reinstatement pursuant to the provisions set forth in W.D. Pa. LCvR 83.3-G; and that GMM pay a monetary sanction roughly equal to the Court's costs associated with the Rule to Show Cause, and any other Order that the Court deems just and proper.

---

[1] The United States Trustee is not seeking her fees or costs.

                                                          Respectfully submitted,
                                                          ROBERTA A. DeANGELIS
                                                          UNITED STATES TRUSTEE

Dated: November 17, 2010        By:      /s/ Norma Hildenbrand
                                                                 Norma Hildenbrand
                                                                 Trial Attorney
                                                                 PA ID 70421
                                                                 Liberty Center, Suite 970
                                                                1001 Liberty Avenue
                                                                Pittsburgh, PA 15222
                                                                (412) 644-4756 Telephone
                                                                (412) 644-4785 Facsimile

Patrick S. Layng
Regional Coordinator, Criminal Enforcement Unit
Admitted *pro hac vice*
Executive Office for United States Trustees
219 S. Dearborn St., Suite 873
Chicago, Illinois 60604
(312) 353-9297 Telephone
(312) 886-5794 Facsimile
Attorney Registration No.: 6196569 Illinois

Lisa D. Tingue,
Trial Attorney
Admitted *pro hac vice*
Office for United States Trustees
446 Main Street, 14th Floor
Worcester, MA 01608
(508) 793-0555 Telephone
(508) 793-0558 Facsimile
Massachusetts BBO #633275