IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| SHARON DIANE HILL, | : | Case Number 01-22574 JAD |
| Debtor, | : | Chapter 13 |
| | : | |
| ROBERTA A. DeANGELIS, | : | |
| Acting United States Trustee | : | |
| for Region 3, | : | |
| Movant, | : | |
| | : | |
| v. | : | Related to Document No. 562 |
| | : | |
| COUNTRYWIDE HOME LOANS, | : | |
| INC., GOLDBECK, McCAFFERTY | : | |
| AND McKEEVER, and | : | Hearing: May 23, 2011 at 2:00 P.M. |
| ATTORNEY LESLIE PUIDA, | : | |
| Respondents. | : | |

## PRETRIAL SCHEDULING ORDER AND 7016(f) NOTICE

*AND NOW*, this **23rd** day of ***November, 2010***, after hearing on the ***Rule to Show Cause*** issued by *Order* of this Court dated October 5, 2010, filed at Document No. 562 against C. Charles Townsend ("Townsend") to show cause as to why sanctions should not be imposed for providing false or misleading testimony under oath, pursuant to *Fed.R.Bankr.P. 7016*, that is,

> ... to show cause why sanctions should not be imposed against him for providing false or misleading testimony under oath during his deposition in this matter, which testimony was then used at the time of trial due to Townsend's unavailability.

*See:* In re *Sharon Hill*, 437 B.R. 503, 549 (Bkrtcy.W.D.Pa., October 05, 2010)

It is hereby ***ORDERED, ADJUDGED and DECREED*** that:

1

(1) Although the Court is unaware of any precedent or statutory law which would prevent this matter from proceeding before it in light of the "context" in which it arose, Townsend has raised that potential issue in his *Pre-Preliminary Hearing Statement* filed on November 17, 2010, at Document No. 576. To that end, **on or before December 13, 2010**, Townsend shall file any appropriate *Motion to Dismiss* for lack of jurisdiction along with an accompanying brief. **On or before January 10, 2011**, the U.S. Trustee shall file her *Response* and accompanying brief. The Court will determine the need for argument once all motions and briefs are filed.

(2) ***Discovery shall end on March 23, 2011.***

(3) **On or before April 7, 2011,** all preliminary motions including motions for summary judgment must be filed. If pleadings are not filed within the specified time period, the Court's calendar will not permit the motion(s) to be heard prior to the date of trial.

(4) At the times listed below, Counsel for the Parties shall file with the Clerk and serve upon opposing counsel, a *Pretrial Narrative Statement/Stipulation* (hereinafter "Pretrial Statement") using the form attached to this *Order* and marked Exhibit "A" including (among the other things listed in the form): (a) A brief statement of the case, including proposed findings of fact and conclusions of law; (b) The names and addresses of witnesses expected to be called; and, (c) A list of the exhibits to be offered.

(5) **On or before April 7, 2011,** Movant's portion of the *Pretrial Statement* shall be finalized and served on all Parties with a copy filed with the Court. **On or before April 22, 2011**, Respondents' portion of the *Pretrial Statement* shall be finalized and served on all Parties with a

copy filed with the Court. *On or before May 9, 2011*, Movant shall file with the Court the completed and *Consolidated Pretrial Statement* signed by all Parties.

(6) The *Final Pretrial Conference* in this matter shall take place on *May 23, 2011 at 2:00 P.M.*. All of the matters scheduled above will be heard in the Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501. Trial will be scheduled at that time for a date soon to follow.

(7) *Failure by any Party to timely comply with any terms of this Order* will result in the imposition of sanctions on said Party by, *inter alia*, reprimand, fine, prohibition against said Party from offering testimony and/or dismissal.

> Thomas P. Agresti, Chief Judge
> United States Bankruptcy Court

*[EXHIBIT "A" TO PRETRIAL SCHEDULING ORDER]*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**IN RE:**

| | |
|---|---|
| _____ ) | Bankruptcy No. _____ |
| **Debtor(s)** ) | Chapter _____ |
| ) | |
| _____ ) | |
| **Plaintiff(s)** ) | |
| vs. ) | Adversary No. _____ |
| _____ ) | |
| **Defendant(s)** ) | |

*(Note: The designation "Plaintiff(s)/Defendant(s)" has been used throughout this form. Depending on the type of matter at issue, Counsel shall appropriately designate the respective Parties involved in this matter, i.e., "Plaintiff(s)/Defendant(s)", "Movant(s)/Respondent(s)", "Claimant(s)/Respondent(s)", etc.)*

## PRETRIAL NARRATIVE STATEMENT/STIPULATION

It is stipulated by and between the Parties that:

*(1)* ***This is an action for:***


*(2)* ***Jurisdiction:*** *(State basis and whether facts relative to jurisdiction and/or venue are disputed or agreed.)*


*(3)* ***Plaintiff(s)' narrative statement of the case:*** *(Very important to include a statement of the Plaintiff's theory of Defendant's liability, Plaintiff's injuries (personal and/or proprietary), and Plaintiff's damages.)*

*(4)    Defendant(s)' narrative statement of the case:*

*(5)    Third Party Defendant's narrative statement of the case:* *(where applicable)*

*(6)    The following facts are stipulated by the Parties and require no proof:* *(here list each stipulated fact)*

*(7)    The exhibits to be offered at the trial*, together with a statement of all admissions, any objections and/or issues as to admissibility between the Parties with respect thereto are as follows:

    (A)    You are to list all exhibits intended to be offered at trial by each Party, in the sequence proposed to be offered, with a description of each exhibit sufficient for identification. If no objection exists as to a specific exhibit, the "Objection" column on the required Exhibit List is to remain blank. Any statement of issues between any of the Parties regarding admissibility of the specific exhibit, for example, "authenticity", "due execution" thereof, or "relevancy", must be inserted in the "Objection" column otherwise the objection will be waived. *If no objections are noted on the Exhibit List following the description of an exhibit, the Parties will be deemed to have agreed to the admission of the exhibit for all intents and purposes.*

    (B)    You are to use a form substantially similar to the form following this Pretrial Narrative Statement/Stipulation for your Exhibit List.

    (C)    The courtroom practice concerning the use of exhibits is as follows:

        1.    Prior to the time set for commencement of trial or the pretrial conference, whichever first occurs, all exhibits shall be marked by Counsel using appropriate exhibit labels. The labels must be marked to identify the proponent of the exhibit and the date of the proceeding in which the exhibit is used. Counsel shall provide the Court with a copy of the Exhibit List and a courtesy copy of the marked exhibits prior to the pretrial conference or prior to the start of trial if no pretrial conference occurs.

2. Plaintiffs use exhibit <u>letters</u>. Defendants use exhibit <u>numbers</u>. Third Party Defendants use exhibit <u>numbers</u> preceded by the notation "TPD". Example:

| Plaintiff (Name) Exhibit A Date: | Defendant (Name) Exhibit #1 Date: | 3rd Pty Deft. (Name) Exhibit #TPD-1 Date: |
|---|---|---|

3. As previously noted, each Counsel shall prepare a List of Exhibits on the attached form, identifying exhibits in the sequence in which they are intended to be offered at trial, with a descriptive notation sufficient to identify each separately identified exhibit. Counsel shall furnish a copy of the Exhibit List in their respective Pretrial Narrative Statements. Exhibits not so identified in the pretrial statement shall not be allowed at trial except upon a showing of cause. ***Mere inability to timely locate the exhibit shall not be considered cause.***

4. Counsel shall provide opposing counsel with copies of all exhibits along with submittal of the Pretrial Stipulation. Copies provided in response to a pretrial order will suffice at trial unless the Court rules otherwise.

5. Exhibits cumulatively numbering in excess of 20, single-sided, total pages (not including an "Exhibit List" cover page index) shall be bound in some manner, i.e., in looseleaf notebook or hard binding (with binding on the left, not the top), at the time of presentation to the Court and for use during any proceeding. Each exhibit page shall be collectively numbered in the lower right hand corner of each page of the collective exhibit document, from the first page to the last page, independent of exhibit identification numbers previously placed on exhibits at the bottom, center of the first page of the exhibit, to the extent possible.

6. Prior to the commencement of trial, or prior to the pretrial conference, whichever occurs first, Counsel shall provide the Court with a courtesy copy of the marked exhibits. Each Party shall make an additional set of exhibits available for use by witnesses at the time of the taking of evidence in any proceeding related to this matter.

7. Unless an objection is noted on the Exhibit Form provided on the Pretrial Narrative Statement/Stipulation, the exhibits will be admitted without further testimony. As to any objections noted, the admissibility of those exhibits will be considered at the pretrial conference or before any testimony is taken, subject to the Court's discretion. Only those exhibits to which a ruling on admission is reserved will require witness identification or authentication.

  8. If necessary to offer, explain, or examine an exhibit, counsel shall request leave to approach the bench or the witness.

  9. Counsel are the custodians of their exhibits throughout the trial.

  10. All exhibits will be returned to the courtroom clerk at the conclusion of the trial. The clerk will retain the exhibits for 30 days after expiration of the time for appeal, they then will be destroyed. If there is no appeal and you wish to have your exhibits returned to you, you must make the necessary arrangements with the clerk *prior* to expiration of the said 30 day period.

*(8)* ***Examination of witnesses and argument*** may be conducted from counsel table or from the lectern, using a microphone.

*(9)* ***A complete list of all witnesses including names and addresses follows***: *(If any witnesses are to be called as experts, an expert's report must be filed with the Pretrial Statement, otherwise the opinion testimony will be excluded at the time of trial.)*

*(10)* ***Issues of Law:*** The following issues of law are contested and remain to be litigated upon the trial. *(A brief, no longer than 20 pages, should be filed along with the Pretrial Statement by each of the Parties setting forth the authorities in support of their respective legal positions.)*

*(11)* ***Stipulations:*** The foregoing admissions of fact having been made, and the Parties having specified the issues of fact and law remaining to be litigated, this stipulation shall supplement the pleadings and govern the course of the trial unless modified to prevent injustice.

*(12)* ***Authorization***: My signature on this document authorizes the Parties and/or their attorney(s) to examine all pertinent records and acknowledges that I have reviewed all documents and exhibits identified herein by all other parties and/or their attorney(s).

                ***STIPULATED AND AGREED BY:***

                _____
                Attorney for Plaintiff

                _____
                Attorney for Defendant

                _____
                Attorney for Third Party Defendant

# [EXHIBIT FORM]

(CAPTION)

**EXHIBITS FILED ON BEHALF OF:** _____

## Identification

| Exhibit Number | Date of Exhibit | Witness | Description | Objections | Court Rulings |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Case Administrator to serve:
    Norma Hildenbrand, Esq.
    Patrick S. Layng, Esq.
    Lisa D. Tingue, Esq.
    Dorothy A. Davis, Esq.
    Thomas A. Connop, Esq.
    Bradley C. Knapp, Esq.
    Francis X. Manning, Esq.
    Charles Townsend, Esq.